# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| OMEGA OIL COMPANY, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2-08-CV-297 (TJW) |
| | § | |
| ROCK WELL PETROLEUM INC., and | § | |
| ROCK WELL PETROLEUM (U.S.) INC., | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss Under Rule 12(b)(3) (D.I. #7). The defendants argue the Eastern District of Texas is an improper venue for this case. After reviewing the Motion and applicable law, the court DENIES the Motion.

When the Court decides a motion to dismiss without holding an evidentiary hearing, the plaintiff only needs to make a prima facie showing of the facts on which jurisdiction is predicated. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). In deciding whether a prima facie case exists, the court must accept as true the plaintiff's "uncontroverted allegations, and resolve in [their] favor, all conflicts between the facts contained in the parties' affidavits and other documentation." *Id.*

Plaintiff Omega Oil Company Inc. ("Omega") alleges that "Rock Well Petroleum conducts business in this judicial district, has commenced an oil-mining project for an oil reservoir in this particular judicial district (beneath Caddo Lake), and has purchased a lease from the State of Texas for oil recovery rights in this judicial district." (Compl. ¶ 7). Further, Omega alleges that Rockwell has misappropriated Omega's proprietary oil-field survey to "target" the oil field in this district. (Opp. To Motion to Dismiss at 1-2). Because the allegations giving rise to the lawsuit occurred in

this district, the court has the requisite personal jurisdiction over Rock Well to consider it a resident of this district for venue purposes. *See* 28 U.S.C. 1391. Rock Well has come forward with affidavits supporting its position that it acquired the oil and gas leases without Omega's proprietary information. This presents a fact issue for the jury.

To survive a motion to dismiss, the plaintiffs do not have to prove the jurisdictional facts by a preponderance of the evidence, but need only make a prima facie showing of jurisdictional facts. *Travelers Indem. Co. V. Calvert Fire Ins. Co.*, 798 F.2d 826, 831 (5th Cir. 1986). The fact issue presented by the parties makes it improper to dismiss the case for lack of venue. As stated earlier, in deciding whether a prima facie case exists, the court must resolve in the plaintiff's favor "all conflicts between the facts contained in the parties' affidavits and other documentation." *Alpine View Co.*, 205 F.3d at 215. Here, accepting the controverted allegations in the complaint and other documentation as true, the Eastern District of Texas is a proper venue for this case.

The defendants' Motion to Dismiss, therefore, is DENIED.

SIGNED this 12th day of November, 2008.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE